UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIE RODRIGUEZ,

    Plaintiff,

v.                                                                Case No: 8:22-cv-02455-KKM-AEP

CLEAR BLUE
INSURANCE COMPANY,

    Defendant.
_____

# ORDER

Marie Rodriguez sues Clear Blue Insurance Company, pressing three breach of contract claims arising out of water damage to Rodriguez's property and subsequent repair efforts orchestrated by Clear Blue. Compl. (Doc. 1-1). The Parties have completed discovery and Rodriguez now moves to strike Clear Blue's rebuttal expert, Hugh Warren. Motion to Strike (MTS) (Doc. 25). Because Clear Blue should have disclosed Warren as a primary defense expert instead of as a rebuttal expert and did not comply with Rule 26's requirements even with respect to its untimely disclosure, Rodriguez's motion is granted.

## I. BACKGROUND

Because the factual background of this case is irrelevant to Rodriguez's motion to strike, I do not belabor it. In short, Clear Blue insured a piece of Rodriguez's real property

that sustained water damage in June 2020. Compl. ¶¶ 2–7. After Rodriguez filed a claim, Clear Blue retained Paul Davis Restoration to repair the damage. *Id.* ¶¶ 9–10. Rodriguez claims that, rather than perform the necessary repairs, Paul Davis only made things worse. *E.g.*, *id.* ¶¶ 11–12, 20–21. After Clear Blue denied Rodriguez's claim for this new damage, Rodriguez sued. *E.g.*, *id.* ¶¶ 11, 23.

Turning to the procedural history, on November 29, 2022, I entered a standard Case Management Scheduling Order establishing deadlines for this litigation. (Doc. 10). That order set a deadline of May 29, 2023, for Defendant's expert disclosures. *Id.* at 1. The deadline for rebuttal expert disclosures was June 23, 2023. *Id.*

Rodriguez timely disclosed an expert, Dennis James, whom she "expected to testify that Paul Davis performed bad work and that it will cost $117,532.56 to repair [the] property." MTS at 5. Clear Blue did not disclose Hugh Warren by the May 29 deadline as the Case Management Scheduling Order required. Instead, Clear Blue waited until June 23 to disclose Warren as a "rebuttal expert." *Id.* at 1; Warren Expert Disclosure (Doc. 25-1). And beyond its untimeliness, Clear Blue's disclosure was deficient for other reasons. Although Warren was required to provide a written report under Federal Rule of Civil Procedure 26(a)(2)(B), *compare* Warren Expert Disclosure at 1–2, *with* FED. R. CIV. P. 26(a)(2)(B)(i–vi), Warren does not appear to have prepared or signed any report. Clear Blue's disclosure also failed to include several categories of information required to be

disclosed under Rule 26(a)(2)(B). *See* Warren Expert Disclosure at 2 (failing to include (1) Warren's qualifications, including a list of all publications authored in the previous 10 years, (2) a list of cases during the last four years in which Warren had testified as an expert, and (3) a statement of the compensation to be paid for the study and testimony in this case with only a reassurance that those items had "been requested and will be produced upon receipt").

On July 17, Rodriguez sent an email to Clear Blue's counsel flagging that Warren's disclosure was still missing information. MTS at 2. But the information was not forthcoming. Instead, Clear Blue protested that it had disclosed "Warren's complete file," both as an attachment to the expert disclosure on June 23 and in advance of Warren's deposition. Resp. to MTS (Doc. 26) at 2; Warren Expert Disclosure at 2; Clear Blue Email (Doc. 26-1) at 1.

Rodriguez then moved to strike Warren, arguing that Clear Blue should have disclosed Warren as a primary expert and that Clear Blue failed to comply with Rule 26 and the Case Management Scheduling Order.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 26 is "designed to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (quotations omitted). Under Rule 26, a "party must make [expert]

3

disclosures at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). A district court retains broad discretion to enforce this requirement and to manage trial. "[T]he decision to permit rebuttal testimony is one that resides in the sound discretion of the trial judge," *United States v. Gold*, 743 F.2d 800, 818 (11th Cir. 1984), as are "questions as to order of proof," *McVey v. Phillips Petroleum Co.*, 288 F.2d 53, 54 (5th Cir. 1961).[1] The Court's supervisory responsibilities are accompanied by a powerful enforcement mechanism: the "broad discretion to exclude untimely expert testimony." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

## III.  ANALYSIS

Hugh Warren's testimony is excluded at trial because his expert disclosure was untimely and incomplete. Clear Blue argues that its disclosure of Warren was timely because his testimony is rebuttal opinion. But Clear Blue is wrong about the nature of Warren's testimony: it is not proper rebuttal. "[D]isagreeing with a [plaintiff's] expert on matters related to a [defendant's affirmative defense] does not transform a [defendant's] expert into a rebuttal expert and thereby permit a [defendant] to evade a case management and scheduling order." *Bell v. Progressive Select Ins. Co.*, ___ F. Supp. 3d. ___, 2023 WL 5940306, at *2 (M.D. Fla. Sept. 13, 2023) (Mizelle, J.). Applying that principle here,

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Warren's testimony directly supports at least one of Clear Blue's affirmative defenses and Clear Blue should have disclosed Warren as a primary defense expert by the corresponding deadline. And regardless of timeliness, Clear Blue's disclosure lacked required information, including Warren's expert report.

### A. Warren's Expert Testimony is Improper on Rebuttal

In apparent reliance on Rule 26(a)(2)(D)(ii), Clear Blue argues that Warren's opinion is timely as proper rebuttal because it served his Rule 26 expert disclosure "upon [Rodriguez] on June 23, 2023, in accordance with the Court's Case Management Order for this case." Resp. to MTS at 1. That argument fails at multiple levels.

In full, Rule 26(a)(2)(D) provides:

(D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

> (ii) at least 90 days before the date set for trial or for the case to be ready for trial; or

> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(D). The first problem with classifying Warren as a rebuttal expert is that Clear Blue makes no coherent argument that Warren's testimony will be offered solely to rebut or contradict Rodriguez's expert, James. Clear Blue asserts that Warren will not speak to liability but instead, "in the event that Clear Blue's Motion for Summary

5

Judgment is denied," will discuss the "costs to repair damages caused by Paul Davis Restoration." Resp. to MTS at 4. That subject directly bears on at least Clear Blue's Fourth Affirmative Defense, on which it carries the burden of proof. *See* Answer (Doc. 4) ¶ 56 ("Affirmatively, CLEAR BLUE asserts that, to the extent that PLAINTIFF's repair and contents estimates contemplate items not damaged by a covered loss, contemplate damages not covered by the Policy, contemplate excessive repair costs, or, otherwise, inaccurately reflects damages to PLAINTIFF's property and/or inaccurately reflects the costs to repair damages, CLEAR BLUE may not be found liable."). In other words, Clear Blue's argument is inconsistent with Rule 26(a)(2)(D)(ii)'s conception of rebuttal expert opinion. Warren's opinion is not being offered "solely to contradict or rebut" James's; it is also evidence supporting one of Clear Blue's affirmative defenses.

The fact that Warren disagrees with James on the total amount of damages does not transform him into a rebuttal expert. *See Bell*, 2023 WL 5940306, at *2. Again, Clear Blue concedes that it expects Warren to testify on "the costs of repairs of damages sustained to the [i]nsured [p]roperty," which is relevant to at least one affirmative defense. Resp. to MTS at 1; *see also* Warren Expert Disclosure at 1; Answer ¶ 56. Confirming that Warren's testimony is not intended to be limited to rebutting James, Clear Blue does not propose a limiting instruction that such testimony be offered "solely" as rebuttal evidence. And even if it had, the jury would struggle to understand why and how Warren's opinion could only

6

be used to contradict James's but not also to determine whether Rodriguez's estimates "contemplate excessive repair costs, or, otherwise, inaccurately reflect[] damages to [Rodriguez's] property and/or inaccurately reflect[] the costs to repair damages" so as to partially defeat liability. *See* Answer ¶ 56.

"Second, as a matter of first principle, a rebuttal expert opinion must address new, unforeseen evidence in the other party's case or must address matters on which the opposing party bears the burden of proof." *See Bell*, 2023 WL 5940306, at *3; *see also Morgan v. Com. Union Assur. Cos.*, 606 F.2d 554, 555 (5th Cir. 1979) ("Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief."); *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case."). To be sure, Rodriguez bears the burden to prove the existence of damages in her breach of contract claims. But Clear Blue bears the burden to prove its affirmative defenses, including its claim that Rodriguez's damage and cost estimates are excessive or otherwise beyond the scope of the policy. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); 11th Cir. Civil Pattern Jury Instruction 3.7.2. Just as a plaintiff cannot "reverse the order of proof, in effect requiring the defendant to put in its evidence before the plaintiff," *Bell*, 2023 WL 5940306, at *3 (quoting *Braun v. Lorillard, Inc.*, 84 F.3d 230, 237 (7th Cir. 1996)), a defendant cannot smuggle an expert

7

witness who will testify on its affirmative defenses into the rebuttal slot and thereby deprive the plaintiff of an opportunity to offer her own rebuttal expert opinion. Thus, Warren's testimony is improper on rebuttal.

If Clear Blue wanted to call Warren to opine on damages issues implicating its affirmative defenses, it could have (and should have) disclosed him as a primary expert, not as a rebuttal expert. And doing so would not have inconvenienced anyone, as the Case Management Scheduling Order required Rodriguez to disclose her primary experts by April 28, a month before the defendant expert disclosure deadline on May 29. *See* (Doc. 10) at 1.

### B. Clear Blue's Expert Disclosure is Incomplete

All that aside, Clear Blue's expert disclosure violated Rule 26 for an additional reason: even if Warren's opinion could be appropriately classified as a rebuttal, Clear Blue's expert disclosure failed to include several pieces of required information and lacked an expert report prepared and signed by Warren. The Parties do not address whether Warren is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" and thus subject to Rule 26(a)(2)(B)'s more stringent disclosure requirements. But every indication from Clear Blue throughout the course of the litigation has been to that effect. *See* Warren Expert Disclosure (tracking Rule 26(a)(2)(B)'s disclosure categories); Resp. to MTS at 6–

8

7 (arguing that Clear Blue's failure to comply with Rule 26(a)(2)(B)'s enhanced requirements was harmless, not that the requirements were inapplicable). Accepting Clear Blue's apparent concession, its disclosure was missing at least four required elements: (1) an expert report prepared and signed by Warren; (2) an accounting of Warren's qualifications, including a list of all publications authored in the previous 10 years; (3) a list of cases during the last four years in which Warren had testified as an expert; and (4) a statement of the compensation to be paid for the study and testimony in this case. *See* Warren Expert Disclosure at 1–2.

### C. Warren's Testimony Is Inadmissible Under Rule 37(c)(1)

The Federal Rules of Civil Procedure generally provide, absent two exceptions, that exclusion is the appropriate remedy for a party's improper expert disclosure under Rule 26. *See* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Here, there are two bases for excluding Warren's testimony. First, Clear Blue did not timely disclose Warren as a primary expert, electing instead to mislabel him as a rebuttal expert. Second, Clear Blue failed to comply with the substantive disclosure requirements of Rule 26(a)(2)(B). Clear Blue does not even argue that the former failure was substantially justified or harmless under Rule 37. Clear Blue contends only that its

9

failure to comply with Rule 26(a)(2)(B)'s substantive requirements was either substantially justified or harmless because Rodriguez deposed Warren and Clear Blue attempted to fill in some of the gaps almost two months after the Case Management Scheduling Order's deadline had passed. *See* Resp. to MTS at 6–7.

This explanation is inadequate. To begin with, the "burden" is on Clear Blue to "show[] a substantial justification" for its "tardiness" and other errors. *See Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017). But Clear Blue barely provides any justification, much less a substantial one, for its untimely and inadequate disclosure. That Clear Blue has apparently had logistical difficulties in retrieving the necessary information does not justify its failure to comply with Rule 26, especially given that it never moved for an extension of the relevant deadlines and instead filed an untimely and inadequate disclosure along with what amounts to an "IOU." *See* Warren Expert Disclosure at 2 (promising that several missing pieces of information "ha[ve] been requested and will be produced upon receipt").

Neither were Clear Blue's violations of Rule 26 harmless. The most obvious reason is that Clear Blue filed Warren's "rebuttal" disclosure on the day of the rebuttal deadline and the close of discovery. Rodriguez could not have prepared and timely disclosed her own rebuttal expert in response if she had wanted to counter Warren's new opinion. That prejudice was compounded by the inadequacy of Clear Blue's disclosure, which was missing

10

both a formal report prepared and signed by Warren as well as several key pieces of information about Warren's background, when it was finally filed.

## IV. CONCLUSION

For the above reasons, Plaintiff's Motion to Strike Defendant's Rebuttal Expert Witness, (Doc. 25), is **GRANTED**. Clear Blue is prohibited from calling Warren as an expert witness at trial for failing to timely and adequately disclose his expert report.

**ORDERED** in Tampa, Florida, on January 22, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge